**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

KEITH ASHMEADE,

                Plaintiff,

    - against -

CITIZENS BANK; CITIZENS SECURITIES,
INC; CITIZENS FINANCIAL GROUP, INC.;
and JENNIFER DEPEAU,

                Defendants.

---

No. 17-cv-8994 (JGK)

**MEMORANDUM OPINION**
**& ORDER**

**JOHN G. KOELTL, District Judge:**

The pro se plaintiff, Keith Ashmeade, brings this action
against his alleged former employers, Citizens Bank, N.A.
("Citizens Bank"), and Citizens Securities, Inc. ("Citizens
Securities") (collectively, "Citizens"), as well as his former
supervisor, Jennifer Depeau ("Depeau"), and Citizens Financial
Group ("CFG"), the alleged parent company of Citizens, alleging
claims arising out of the termination of his employment.
Ashmeade alleges claims of discrimination on the basis of his
personal bankruptcy, in violation of 11 U.S.C. § 525(b) and the
New York State Human Rights Law, N.Y. Exec. Law §§ 290 et seq.
(the "NYSHRL"); state law claims of defamation and wrongful
termination caused by the defendants' alleged negligence,
failure to train, and negligent supervision; and federal claims
of racial discrimination, in violation of Title VII of the Civil
Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. Ashmeade also
asserts that the defendants committed several so-called

1

"procedural violations" by improperly removing this case from state court and failing to respond in a timely manner to his original Complaint. Ashmeade seeks sanctions against the defendants pursuant to Rule 11 of the Federal Rules of Civil Procedure for these "procedural violations."

Presently before the Court is a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Ashmeade's Amended Complaint and an alternative motion pursuant to Rule 12(f) of the Federal Rules of Civil Procedure to strike any remaining claims of procedural errors. For the following reasons, the defendants' motion to dismiss is **granted in part** and **denied in part.**

## I.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). A court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). A court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S.

544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id.

A court may also consider documents incorporated by reference in the complaint as well as documents the plaintiff either had in the plaintiff's possession or had knowledge of and upon which the plaintiff relied in bringing suit. See Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991).

When faced with a pro se complaint, a court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (brackets and internal quotation marks omitted). A court may also consider allegations that are contained in the plaintiff's opposition papers. See Burgess v. Goord, No. 98-cv-2077, 1999 WL 33458, at *1 n.1 (S.D.N.Y. Jan. 26, 1999) (collecting cases); see also Kaplan v. N.Y. State Dep't of Corr. Servs., No. 99-cv-5856, 2000 WL 959728, at *1 (S.D.N.Y. July 10, 2000). "Even in a pro se case, however, . . .

3

threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis, 618 F.3d at 170. Thus, although a court is "obligated to draw the most favorable inferences" that the complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." Id.; see also Estevez v. City of New York, No. 16-cv-73, 2017 WL 1167379, at *1 (S.D.N.Y. Mar. 28, 2017).

## II.

The following facts are taken from Ashmeade's Amended Complaint ("Am. Compl.") and are accepted as true for the purposes of this motion to dismiss.

On January 4, 2016, Ashmeade agreed to work as a licensed banker at Citizens Bank, a subsidiary of CFG, in Middletown, New York. Am. Compl. ¶¶ 2, 3. His position with Citizens constituted at-will employment. Pl.'s Response at 12. As a licensed banker, Ashmeade was subject to the Financial Industry Regulatory Authority ("FINRA") regulations and to the employment policies of Citizens Bank. Am. Compl. ¶ 8. Ashmeade's supervisor at Citizens Bank throughout his employment was the Middletown Branch Manager, Jennifer Depeau. Am. Compl. ¶¶ 6, 24.

In May, 2016, Ashmeade filed a bankruptcy petition pursuant to Chapter 13 of Title 11 of the United States Code. Am. Compl. ¶¶ 4, 8; see 11 U.S.C. §§ 1301 et seq.[2]

Citizens Bank then received an anonymous phone call informing it that Ashmeade had petitioned for bankruptcy under Chapter 13. Am. Compl. ¶ 4. FINRA rules required Ashmeade to disclose any history of bankruptcy by updating his FINRA Form U4. Am. Compl. ¶¶ 2, 8; Am. Compl. Exs. 7.1a, 7.1b. As Ashemeade's employer, Citizens was responsible for reviewing and ensuring such disclosures were in compliance with FINRA rules. See Am. Compl. ¶¶ 8, 9; Exs. 7.1a, 7.1b. Citizens therefore conducted an investigation into Ashmeade's bankruptcy disclosures pursuant to its authority as a FINRA employer. Am. Compl. ¶ 5; Exs. 7.1a, 7.1b. Citizens closed the investigation after two months and did not share with Ashmeade the information it gathered. Am. Compl. ¶ 5. After Citizens closed the investigation, Depeau verbally informed Ashmeade of a "stipulation" that the he could not be promoted until his

---

[2] Ashmeade asserts in his Amended Complaint that he filed a petition for bankruptcy in "May of 2017." Am. Compl. ¶ 8. However, Ashmeade also alleges that his employment began in January, 2016, and that he was terminated in January, 2017, in part because the defendants discriminated against him on the basis of his bankruptcy. The Court therefore liberally construes Ashemeade's Amended Complaint to allege that he filed a bankruptcy petition in 2016. See Chavis, 618 F.3d at 170.

5

Chapter 13 case was completed. Am. Compl. ¶ 5; see Am. Compl. ¶¶ 6, 8.

Late in 2016, Citizens discovered that in April, 2016, Ashmeade failed to mark a personal day as "Paid Time Off" in the time-keeping system. Am. Compl. ¶¶ 14, 16, 17. Depeau reviewed and approved Ashmeade's erroneous timesheet when Ashmeade initially completed it, and Depeau only became aware of the error over six months later upon an end-of-year review. Am. Compl. ¶¶ 14, 17. Depeau informed Ashmeade that this error was an oversight. Am. Compl. ¶ 17. Upon asking Citizens's Human Resources ("HR") department about the procedure to amend his timesheet, Ashmeade was not given any warning of a risk of termination. Am. Compl. ¶ 14. Ashmeade completed a manual adjustment to his timesheet which was subsequently submitted by Depeau. Am. Compl. ¶ 15.

Ashmeade's employment with Citizens Bank was terminated in January, 2017. Am. Compl. ¶ 24. Before termination, Ashmeade received strong performance reviews from his supervisor and received no warnings of inadequate conduct. Am. Compl. ¶ 14. Pursuant to their obligation to disclose the reason for termination of a FINRA-registered employee on the terminated employee's Form U5, Citizens disclosed that Ashmeade was "[d]ischarged . . . due to policy violations. Mr. Ashmeade falsified his bank time card. Not investment related." Ex. 7.2.

One month after his termination in January 2017, Ashmeade's position was filled by a former colleague who is twenty years younger and less qualified than Ashmeade. Ashmeade's replacement maintained a friendly relationship with Depeau, and she is not a member of a protected class. Am. Compl. ¶¶ 21, 24. Since his discharge from Citizens Bank, Ashmeade has had difficulty finding a new job and suffered adverse employment consequences. Am. Compl. ¶ 20.

Ashemeade filed this pro se action on October 27, 2017, in New York State court. The defendants jointly removed the case to federal court on November 17, 2017, invoking this Court's federal question and supplemental jurisdiction. Dkt. No. 1; see 28 U.S.C. §§ 1331, 1367, 1441. On November 27, 2017, the defendants moved for a more definite statement of Ashmeade's claim. Dkt. Nos. 6-10. After a brief exchange of correspondence and a pre-motion hearing before the Court, Ashmeade filed the operative Amended Complaint on January 8, 2018. Dkt. No. 18. The defendants moved to dismiss Ashmeade's Amended Complaint on January 26, 2018. Dkt. Nos. 23-26.

### III.

### A.

The defendants move to dismiss Ashmeade's claim of bankruptcy discrimination under 11 U.S.C. § 525(b) because

Ashmeade has failed to state sufficient facts to claim that bankruptcy was the sole reason for termination.

Under 11 U.S.C. § 525(b), "private employer[s]" are prohibited from terminating the employment of, or discriminating with respect to employment against, an individual "solely" because that individual "is or has been a debtor under this title or a debtor or bankrupt under the Bankruptcy Act." The purpose of the statute is to "effectuate the 'fresh start' policy . . . behind personal bankruptcies." Leary v. Warnaco, Inc., 251 B.R. 656, 658 (S.D.N.Y. 2000); see also In re Goldrich, 771 F.2d 28, 29 (2d Cir. 1985).

Ashmeade's § 525(b) claim must be dismissed as to two defendants -- Depeau and CFG -- because he does not allege that either was his "private employer." Ashmeade alleges that Depeau was his "supervisor" rather than his employer. Am. Compl. ¶ 6. And Ashmeade has not alleged any specific involvement of CFG in the decision to terminate his employment. Thus, Ashmeade's § 525(b) claims must be dismissed as to Depeau and CFG.

Ashmeade's § 525(b) claims as to the remaining two defendants -- Citizens Bank and Citizens Securities -- turns on the meaning of "solely." The Second Circuit Court of Appeals has not ruled decisively on an interpretation of "solely" in the context of § 525(b). Some courts have interpreted "solely" to mean "played a significant role." See White v. Kentuckiana

Livestock Mkt., Inc., 397 F.3d 420, 425 & n.2 (6th Cir. 2005)
(citing Bell v. Sanford-Corbitt-Bruker, Inc., No. cv186-201,
1987 WL 60286, at *3 (S.D. Ga. Sept. 14, 1987); In re Metro
Transp. Co., 64 B.R. 968, 975 (Bankr. E.D. Pa. 1986)). But that
is a minority interpretation. Id. at 426. A majority of courts
have interpreted "solely" to mean that there is literally no
other factor besides the plaintiff's bankruptcy that contributed
to the employer's discriminatory decision. See, e.g., Id. at 427
(citing, for example, Comeaux v. Brown & Williamson Tobacco Co.,
915 F.2d 1264, 1268-69 (9th Cir. 1990), and Laracuente v. Chase
Manhattan Bank, 891 F.2d 17, 21-23 (1st Cir. 1989)); Gurney v.
Kost Tire Auto Care, No. 14-cv-6006, 2015 WL 5156882, at *2
(W.D.N.Y. Sept. 2, 2015).

It is not necessary on this motion to resolve conclusively
the meaning of "solely" in § 525(b) because Ashmeade has stated
a claim of federal bankruptcy discrimination even under the more
restrictive, majority view. Ashmeade alleges that he experienced
"discriminatory practices and treatment" in the form of "special
considerations, investigations, confidential withholdings, and
subsequently the unfounded penalty of termination" "solely
because of [his] bankruptcy filing." Am. Compl. ¶ 7 (emphasis
added).

The defendants argue that the Amended Complaint alleges
other reasons why Citizens fired Ashmeade. In addition to

bankruptcy discrimination, Ashmeade does allege that his termination of employment was a "guise" by the defendants to prevent FINRA from discovering that they failed to comply with certain FINRA policies; caused by his failure to comply with time card policies; and caused by racial discrimination. Am. Compl. ¶¶ 8, 13-20. The fact that Ashmeade has pleaded other causes of action in addition to § 525(b) bankruptcy discrimination is not itself a reason to dismiss his § 525(b) claim. The other possible reasons Ashmeade supplies for his termination are best understood as causes of action pleaded in the alternative to his bankruptcy discrimination claim, which is plainly permissible. See, e.g., VTech Holdings Ltd. v. Lucent Techs., Inc., 172 F. Supp. 2d 435, 443 (S.D.N.Y. 2001) (citing Clarendon, Ltd. v. State Bank of Saurashtra, 77 F.3d 631, 635 (2d Cir. 1996)). Indeed it is possible that discovery will show that discrimination based on his bankruptcy was in fact the sole basis for his termination and that the other alleged reasons did not contribute to his termination.

The defendants argue the Court must read the Amended Complaint to allege that Ashmeade's termination was caused at least in part by Ashmeade's failure to comply with timesheet policy. But Ashmeade alleges the timesheet rationale was a pretext for the fact that the defendants did not want an employee who was bankrupt to give banking advice to clients. Am.

10

Compl. ¶¶ 8, 9, 14. Several facts support Ashmeade's pretext argument. The defendants' HR department told Ashmeade how to amend his timesheet and did not indicate he would face any adverse consequences, suggesting this is not an acceptable basis for termination, even in the at-will context. Am. Compl. ¶ 14. Depeau verified and submitted the corrected timesheet to HR after confirming the error was an oversight, not an intentional falsification. Am. Compl. ¶ 15, 17. The defendants' timesheet policy requires timely submission but does not require termination as a consequence of failing to do so. See Am. Compl. Ex. 8.4; Pl.'s Response at 3. Ashmeade's termination on the basis of one erroneous timesheet, which occurred after a confidential investigation into Ashmeade's petition for bankruptcy and when Ashmeade had no other disciplinary history or record of poor performance, plausibly suggests that the defendants' reasoning was a pretext. See Am. Compl. Ex. 8.1.

Accordingly, Ashmeade stated a plausible claim of bankruptcy discrimination under 11 U.S.C. § 525(b) as to Citizens Bank and Citizens Securities, but his § 525(b) claims against Depeau and CFG must be dismissed.

**B.**

The defendants move to dismiss the claim of bankruptcy discrimination under NYSHRL § 296 because that statute does not

provide a cause of action for discrimination based on bankruptcy status.

Section 296(1)(a) of the NYSHRL states that it is unlawful for an employer to discriminate against an individual on the basis of "age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, or domestic violence victim status." N.Y. Exec. Law § 296(1)(a). Section 296(1)(a) does not include bankruptcy status in the list of characteristics that provide a cause of action for employment discrimination, and the parties have failed to cite any case in which Section 296(1)(a) was applied to discrimination on the basis of bankruptcy. Therefore, Ashmeade has failed to establish a cause of action for bankruptcy discrimination under the NYSHRL. See, e.g., Calenzo v. Shah, 976 N.Y.S.2d 555, 558 (App. Div. 2013) (relying on the expressio unius est exclusio alterius canon of statutory construction).

Accordingly, Ashmeade's NYSHRL claim based on bankruptcy discrimination must be dismissed.

### c.

The defendants move to dismiss Ashmeade's claims of wrongful termination on the basis that wrongful discharge is not a valid cause of action under New York law.

New York does not recognize tort causes of action for wrongful termination of an at-will employee. Smalley v. Dreyfus Corp., 882 N.E.2d 882, 884 (N.Y. 2008). Under New York law, at-will employees may be terminated for any reason or no reason at all so long as the reason is not unlawful. Lobosco v. N.Y. Tel. Co., 751 N.E.2d 462, 464 (N.Y. 2001). Therefore, Ashmeade cannot state a claim for wrongful discharge under New York law.

Within his claim of wrongful termination, Ashmeade asserts claims of negligence, failure to train, and negligent oversight. The gist of the general negligence claim is that, as a matter of company procedure, Citizens negligently failed to ensure FINRA U4 forms were timely updated, and Ashmeade's termination was a "guise" to preclude a FINRA investigation into the defendant's policies. Am. Compl. ¶ 8. Ashmeade's failure to train and negligent supervision claims allege that Ashmeade's discharge for failure to comply with company time sheet policy was wrongful because he was not trained properly and was not properly supervised, both due to Citizens's negligence.

The only injury Ashmeade pleads with respect to his negligence claims is termination. Negligence may not be used to circumvent the well-established principle of New York law that "an at-will employee may be discharged for any reason or no reason at all." Colodney v. Continuum Health Partners, Inc., No.

03-cv-7276, 2004 WL 829158, at *6 (S.D.N.Y. Apr. 15, 2004)
(citing Horn v. N.Y. Times, 790 N.E.2d 753, 759 (N.Y. 2003)).

Accordingly, Ashmeade's claims of wrongful termination,
negligence, failure to train, and negligent supervision must be
dismissed.

D.

The defendants move to dismiss Ashmeade's claim of
defamation on the basis that statements made by an employer on a
FINRA Form U5 are entitled to absolute privilege against
defamation liability under New York law.

The New York Court of Appeals has explicitly held that
statements made by an employer on a Form U5 are absolutely
privileged against defamation claims under New York law.
Rosenberg v. MetLife, Inc., 866 N.E.2d 439 (N.Y. 2007); see
Shkreli v. JPMorgan Chase Bank, N.A., No. 13-cv-5647, 2015 WL
1408840, at *7 (S.D.N.Y. Mar. 27, 2015).

Accordingly, Ashmeade's claim for defamation based on the
defendants' statements on the Form U5 is barred as a matter of
law.

E.

The defendants move to dismiss the claim of racial
discrimination under Title VII on the basis that Ashmeade has
failed to exhaust administrative remedies with the Equal

14

Employment Opportunity Commission (the "EEOC"), and further, that any discrimination claims are time barred.

To bring a suit under Title VII in New York state, a plaintiff must exhaust administrative remedies by filing a complaint with the EEOC or relevant state agency within 300 days of the alleged violation. 42 U.S.C. § 2000e-5(e)(1); see Fowlkes v. Ironworkers Local 40, 790 F.3d 378, 384-85 (2d Cir. 2015); Borrero v. Am. Express Bank, Ltd., 533 F. Supp. 2d 429, 435 (S.D.N.Y. 2008) (Chin, J.). A plaintiff must file suit in federal court within ninety days after receiving a right-to-sue letter from the EEOC. Cost v. Super Media, 482 B.R. 857, 860 (S.D.N.Y. 2012)(citing Tiberio v. Allergy Asthma Immunology of Rochester, 664 F.3d 35, 37 (2d Cir. 2011)).

The Second Circuit Court of Appeals recently held that the burden of pleading and proving failure to exhaust administrative remedies pursuant to Title VII "lies with the defendants and operates as an affirmative defense." Hardaway v. Hartford Pub. Works Dep't, 879 F.3d 486, 491 (2d Cir. 2018). Affirmative defenses may be considered on a motion to dismiss "where the defense appears on the face of the pleading and the documents incorporated therein." Jones v. Bloomingdale's, No. 17-cv-1974, 2018 WL 1281819, at *3-4 (S.D.N.Y. Mar. 8, 2018) (citing Levine v. Columbia Labs., Inc., No. 03-civ-8943, 2004 WL 1392372, at *1 (S.D.N.Y. June 22, 2004)).

In this case, the Amended Complaint is silent on whether Ashmeade timely filed any complaint with the EEOC or the state agency, much less a timely complaint. In the papers on this motion, Ashmeade argues that equitable tolling or equitable estoppel should save any administrative failure but it would not be possible to resolve those issues on the face of the Amended Complaint, which does not even allege that any administrative filing was made. Therefore, the issue of failure to exhaust administrative remedies must await further submissions.

Accordingly, the motion to dismiss Ashmeade's claim of racial discrimination under Title VII against Citizens is denied. However, to the extent the Title VII claim is asserted against Depeau, the motion is granted because Title VII claims may not be asserted against individuals. See Mandell v. Cty. of Suffolk, 316 F.3d 368, 377 (2d Cir. 2003). Similarly, any Title VII claim against CFG is granted because CFG was not alleged to be Ashmeade's employer.

**F.**

Finally, the defendants move pursuant to Rule 12(f) of the Federal Rules of Civil Procedure to strike Ashmeade's allegations of five procedural violations. Specifically, Ashmeade alleges that the defendants' removal was improper, that the defendant's response to his original Complaint was not timely, and that the defendant's responses were frivolous and

16

should be subject to sanctions under Rule 11 of the Federal Rules of Civil Procedure. Am. Compl. ¶ 25-31.

Under Rule 12(f) of the Federal Rule of Civil Procedure "the court may strike from a pleading an insufficient defense of any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ P. 12(f). The moving party must show that "the allegations have no bearing on the relevant issues." Lynch v. Southampton Animal Shelter Found. Inc., 278 F.R.D. 55, 63 (E.D.N.Y. 2011) (citing Roe v. City of New York, 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001)).

Ashmeade's allegation that removal was improper is unfounded. The defendants complied with removal requirements pursuant to 28 U.S.C. § 1446. And removal was plainly appropriate under 28 U.S.C. § 1441 because the Court has federal question jurisdiction over Ashmeade's 11 U.S.C. § 525(b) and Title VII claims and supplemental jurisdiction over his remaining claims.

Ashmeade's allegation that the defendants' response to his original Complaint was not timely does not entitle him to a default judgment. Citizens was served on October 31, 2017 and filed a timely Notice of Removal on November 17, 2017. After some procedural skirmishing Ashemeade filed the operative Amended Complaint on January 8, 2018, with the defendants' consent, to which the defendants timely responded with the

current motion to dismiss. Ashmeade has not demonstrated that he is entitled to a default judgment.

Ashmeade's allegation that Depeau should remain as a defendant is also substantively unfounded because, as explained above, Ashemeade's Amended Complaint states no valid legal claim against Depeau.

Finally, Ashmeade's allegation that the defendants engaged in frivolous litigation practice also lacks a substantive basis. The defendants' motions have been warranted by law and have evidentiary support pursuant to Rule 11(b) of the Federal Rules of Civil Procedure. Moreover, the plaintiff has failed to establish that he satisfied the procedural requirements to obtain relief under Rule 11. See Fed. R. Civ. P. 11(c)(2).

Accordingly, Ashmeade's allegations of procedural violations are immaterial to the relevant legal issues, and as such should be stricken.[3]

### CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. As explained above, the defendant's motion to dismiss is **granted in part** and **denied in**

---

[3] Because all of Ashmeade's claims against CFG must be dismissed for failure to state a claim, it is not necessary to address CFG's alternative argument that it should be dismissed for insufficient process. See Fed. R. Civ. P. 12(b)(4).

**part.** Ashmeade's claims of bankruptcy discrimination under the NYSHRL, wrongful termination, and defamation as to all defendants are **dismissed with prejudice.** Ashemeade's claims of discrimination on the basis of bankruptcy under 11 U.S.C. § 525(b) and his claims of racial discrimination under Title VII are **dismissed with prejudice** only against Depeau and CFG.

The Clerk is directed to close the motion at docket number 23.

**SO ORDERED.**

Dated:    New York, New York
           June 22, 2018

                                        John G. Koeltl
                             United States District Judge